# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**PHILOMENA SHEETS,**
**PAULINE CANDELARIA, and**
**ROSALIE MENDOZA,**

    Plaintiffs,

v.                                                  No. CIV 02-133 BB/WWD

**CTS WIRELESS COMPONENTS, INC.,**
a foreign corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND
## GRANTING DEFENDANT'S MOTION TO SEVER DUE TO MISJOINDER

**THIS MATTER** comes before the Court on the defendant's motion to dismiss in part the plaintiffs' employment discrimination complaint and to sever the plaintiffs' individual claims from each other. (Doc. 6). The Court has examined the parties' submissions (Docs. 7, 8, and 9) and the relevant legal authorities, and, for the reasons set forth below, finds that the defendant's motion to dismiss should be **GRANTED in part** and **DENIED in part**, and that the defendant's motion to sever the plaintiffs' individual claims should be **GRANTED**.

## I.
## BACKGROUND

Plaintiffs Philomena Sheets, Pauline Candelaria, and Rosalie Mendoza (collectively, "Employees") commenced this action in state court, seeking redress under 42 U.S.C. § 12101, <u>et seq.</u>, commonly referred to as the Americans with Disabilities Act ("ADA"), and New Mexico

common law.  See generally Employees' complaint (Doc. 1, exhibit A).  Defendant CTS Wireless Components, Inc. ("Employer"), properly removed Employees' lawsuit to this Court because Employees' complaint raises a federal question.  See 28 U.S.C. § 1441(a).

In their complaint, Employees claim that Employer violated the ADA by discriminating against them because of their alleged impairments and by retaliating against them because they allegedly complained of or opposed such discrimination.  See Employees' complaint at 6-7, ¶¶ 47-58. Employees also claim that Employer violated New Mexico common law by allegedly terminating their employment because they filed claims for worker's compensation.  See id. at 5-6, ¶¶ 40-46. Employer has now filed a motion in which it asks the Court: (A) to dismiss Employees' ADA claims for failure to state a claim upon which relief may be granted, and (B) to sever Employees' individual claims from one another due to improper joinder.

## II.
## DISCUSSION

**A.	Motion to Dismiss**

    **1.	discrimination claims**

Employer contends that Employees' discrimination claims should be dismissed because the complaint purportedly "fails to identify the disability allegedly suffered by any of the three plaintiffs or how those alleged disabilities substantially limit their major life activities . . . ."  Employer's opening brief at 3, *citing* Poindexter v. Atchison, Topeka and Santa Fe Railway Co., 168 F.3d 1228, 1232 (10th Cir. 1999).  Employer's reliance on the Poindexter case is misplaced.  In that ADA case, the Tenth Circuit reversed a jury verdict in favor of the plaintiff because up to and through the time of trial she failed to "articulate with precision the impairment alleged and the major life activity

2

affected by that impairment." Id. at 1232. The Tenth Circuit limited its holding to a post-pleading standard, stating:

> This holding does not in any way change the federal notice pleading requirements. <u>A plaintiff has the option of clarifying his or her position at the pleading stage or waiting until trial to prove with particularity the impairment and major life activity he or she asserts are at issue.</u> In this case, Ms. Poindexter did not specifically plead the major life activities she believes were impaired. However, on the record before us, we cannot ascertain whether Ms. Poindexter sufficiently presented the legal issues <u>during trial</u> to the district court for the required analysis.

Id. (emphasis added).

This Court understands the Tenth Circuit's statement to mean that at the pleading stage of an ADA lawsuit a plaintiff must identify an impairment but need not specifically identify the major life activity allegedly affected by that impairment. See id.; see also EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001) ("We hold that so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading.") ("[A] plaintiff would be wise to mention her specific limited major life activity, but failing to do so is not fatal to her complaint."). In other words, an ADA plaintiff need only accuse the defendant of discrimination on the basis of a particular impairment. See J.H. Routh Packing Co. at 854 ("An accusation of discrimination on the basis of a particular impairment provides the defendant with sufficient notice to begin its defense against the claim."). Given that standard, the Court will consider whether Employees have individually identified in their complaint an impairment with sufficient particularity.

### a) **Ms. Sheets**

Ms. Sheets claims Employer "involuntarily" assigned her in May 2000 to the department where her deceased husband once worked. See Employees' complaint at 2, ¶¶ 8-9. She alleges that

3

the assignment to that department exacerbated her depression over the loss of her husband, so she asked to be assigned to another department, an accommodation Employer refused to grant until October 2000. See id., ¶¶ 9, 10, and 17. Ms. Sheets also alleges that she was "injured at work" on or about April 3, 2001, and that upon returning to work on April 23, 2001, her employment was terminated. See id., ¶¶ 18-19.

Employer contends that Ms. Sheets has altogether failed to identify an impairment. See Employer's opening brief at 3. While Employer overstates Ms. Sheets's failure, the Court finds that Ms. Sheets has failed to unambiguously identify her purported impairment. Most of Ms. Sheets's allegations implicate her alleged depression enduring from May 2000 to October 2000; however, in a separate and distinct allegation she generically refers to an injury that occurred in April 2001. Because it is unclear whether the injury allegedly sustained by Ms. Sheets in April 2001 is related to her alleged depression, it also is unclear whether Ms. Sheets's purported impairment is the identified depression, the unspecified injury, or both. That lack of clarity serves to defeat the purpose of "notice pleading" because Employer cannot reasonably be required to affirm or deny whether that impairment falls under the ADA's protection. Put another way, the vagueness of Ms. Sheets's alleged impairment denies Employer fair notice of the basis for her discrimination claim and therefore runs afoul of the pleading requirements set out in Rule 8 of the Federal Rules of Civil Procedure. See Spiegel v. Babbit, 855 F.Supp. 402, 404-05 (D.D.C. 1994), *aff'd in part and vacated in part by* 56 F.3d 1531; Mallett v. Timco Elec. Power and Controls, Inc., 815 F.Supp. 992, 993 (E.D.Tex. 1993).

In light of Ms. Sheets's failure to unambiguously identify her impairment, the issue becomes whether her discrimination claim should be dismissed, as Employer requests. See Employer's opening brief at 3. The Court concludes that under the circumstances of this case dismissal is not the

4

appropriate remedy. Rather, in order to do substantial justice, the Court will allow Ms. Sheets the opportunity to amend her complaint so that she may clarify what constitutes her impairment, as well as to clarify the manner in which Employer allegedly discriminated against her based on that impairment.[1] See J.H. Routh Packing Co., 246 F.3d at 854 (recognizing that a plaintiff should be allowed to clarify the allegations of an ambiguous complaint before the complaint is dismissed); Barnett v. Bailey, 956 F.2d 1036, 1043-44 (11th Cir. 1992) (ruling that if a complaint is ambiguous or contains insufficient information to frame a responsive pleading, the proper remedy is not to order dismissal but to order clarification); Anderson v. Board of Trustees, 77 F.3d 364, 367 (11th Cir. 1996) (ruling that courts may order sua sponte a plaintiff to provide a more definite statement).

Ms. Sheets, as noted, must clearly identify her alleged impairment. However, contrary to Employer's assertion, she does not have to explain in her amended complaint how or why that impairment constitutes a disability under the ADA. See Employer's reply brief at 3. The Supreme Court made that point clear in Swierkiewicz v. Soreman, N.A., when it held that a complaint in an

---

[1] Employer claims for the first time in its reply brief that the discrimination claims of Ms. Sheets and the other Employees also should be dismissed because they fail to "allege that they are qualified to perform employment with CTS." Employer's reply brief at 2. While trial courts generally will not consider new issues presented in a reply brief because the plaintiff has not had an opportunity to respond, Eaton v. Meneley, 180 F.Supp.2d 1247, 1255 (D.Kan. 2002), the Court will do so in this case in order to ensure that Employees take into account Employer's requests for clarification in future pleadings. See J.H. Routh Packing Co., 246 F.3d at 854 (stating that when a defendant requests clarification of a vague complaint, the court may require the plaintiff to specify matters to a degree that may go beyond the initial pleading requirements of Rule 8). In regard to Ms. Sheets and Ms. Candelaria, Employer's claim is diluted by their allegations that they consistently performed work for Employer after receiving accommodations. See Employees' complaint at 3, ¶¶ 17-18 (Ms. Sheets), and at 4, ¶¶ 26-27 (Ms. Candelaria). However, the Court understands Employer's confusion and will therefore require Ms. Sheets and Ms. Candelaria to clarify whether they contend that they are qualified to perform work for Employer. In regard to Ms. Mendoza, Employer's claim is undermined by the plain language of the complaint, wherein Ms. Mendoza specifically alleges that she is qualified to perform work for Employer. See id. at 5, ¶ 36.

employment discrimination lawsuit, like a complaint in any other lawsuit subject to Rule 8, does not have to be specific but "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 122 S.Ct. 992, 998, 534 U.S. 506, __ (2002) (internal quotation omitted). Accordingly, if Employer contends that Ms. Sheets's claim should be dismissed on the ground that her impairment does not constitute a disability under the ADA, it should submit legal authority sustaining its position as a matter of law rather than attacking Employees' complaint through what amounts to a campaign under Rule 12(e) of the Federal Rules of Civil Procedure. See id. (recognizing that meritless claims should be dealt with through rules of substantive law, not through attacks based on a complaint's purported vagueness or ambiguity).

**b)** **Ms. Candelaria**

Ms. Candelaria claims she was injured at work in August 2000. See Employees' complaint at 3, ¶ 18. In February 2001, Ms. Candelaria visited her doctor about recurring pain stemming from that injury. Ms. Candelaria's doctor referred her to a specialist, who allegedly advised her to refrain from engaging in "repetitive motion and lifting over ten pounds." Id. at 4, ¶¶ 24-25. Despite her work restrictions and her request for an accommodation, Employer allegedly insisted on Ms. Candelaria performing work that required her to engage in repetitive motion and lift over ten pounds. Less than three months later, Ms. Candelaria's employment was terminated.

Employer contends that Ms. Candelaria has failed to identify an impairment. See Employer's opening brief at 3. The Court rejects that contention on the ground that Ms. Candelaria clearly indicates that her impairment consisted of her alleged inabilities to perform repetitive tasks or lift more than ten pounds. What is not clear is the manner in which Employer allegedly discriminated against her based on that impairment. See Employees' complaint at 6, ¶ 51 (stating only that

6

"Defendant discriminated against Plaintiffs in the terms and conditions of their employment on the basis of their disabilities."). Accordingly, Ms. Candelaria must clarify Employer's discriminatory actions.[2] See J.H. Routh Packing Co., 246 F.3d at 854 (stating that when a defendant requests clarification of a vague or ambiguous complaint, the court may require the plaintiff to specify matters to a degree that may go beyond the initial pleading requirements of Rule 8).

   c)   **Ms. Mendoza**

Ms. Mendoza claims she was injured at work in the Spring of 2000. See Employees' complaint at 4, ¶ 30. In November 2000, Ms. Mendoza was transferred to a "light duty" position. She subsequently visited a doctor about her injuries. Ms. Mendoza's doctor allegedly advised her to refrain from engaging in repetitive tasks, standing, or lifting more than ten pounds. Despite her work restrictions and her request for an accommodation, Employer allegedly required Ms. Mendoza to perform "regular duty" tasks in violation of her work restrictions. Less than a week after telling Employer that under her doctor's orders she could not perform such work, Employer terminated her employment.

Employer contends that Ms. Mendoza has failed to identify an impairment. See Employer's opening brief at 3. The Court rejects that contention on the ground that Ms. Mendoza, like Ms. Candelaria, clearly indicates that her impairment consisted of her alleged inabilities to perform repetitive tasks, stand, or lift more than ten pounds. However, also like Ms. Candelaria, Ms.

---

[2] The Court explains in part B of this opinion that Employees' individual claims must be severed because Employees are improperly joined in this action. See *infra* at 9. Severance will result in Ms. Candelaria and Ms. Mendoza being dropped from the original action; they will have to file individual complaints in their own names. Accordingly, the Court's orders requiring Ms. Candelaria and Ms. Mendoza to clarify certain allegations in Employees' complaint shall be carried out in their new complaints.

Mendoza has not clearly stated the alleged manner in which Employer discriminated against her based on that impairment. Accordingly, she must clarify the discriminatory actions taken by Employer against her on account of her physical impairment.

### 2. retaliation claims

Employer contends, and the Court agrees, that Employees' retaliation claims should be dismissed because Employees failed to assert such a claim in their respective Equal Employment Opportunity Commission ("EEOC") charges despite knowing of any retaliatory acts taken against them before they filed their charges. See Employer's opening brief at 3-4 and attached exhibits A, C, and D (showing conclusively that Employees failed to assert a retaliation claim in their EEOC charges). In Seymore v. Shawver & Sons, Inc., the plaintiff filed in federal court a complaint charging her former employer with sexual harassment and retaliation. 111 F.3d 794, 796 (10th Cir. 1997). The district court dismissed the retaliation claim on the grounds that, one, the plaintiff failed to assert such a claim in her EEOC charge and, two, the allegations of sexual harassment in her EEOC charge were not reasonably related to her retaliation claim. The Tenth Circuit affirmed the district court's decision, stating:

> . . . the record reveals Shawver discharged Ms. Seymore on February 5, 1993. Nine days later, on February 14, 1993, Ms. Seymore filed a charge against Shawver with the Equal Employment Opportunity Commission, alleging race and sex discrimination. Although Ms. Seymore was certainly aware of her termination at this time, she failed to assert a retaliation claim. <u>Because the alleged retaliatory discharge occurred prior to the filing of the charge with the Equal Employment Opportunity Commission, the alleged retaliatory discharge does not reasonably relate to the charge.</u>

Id. at 799-800 (emphasis added).

Like the plaintiff in the Seymore case, Employees knew of any and all facts sustaining their retaliation claims before they filed their EEOC charges because they did not file their respective charges until after they were discharged. Critically, and also like the plaintiff in the Seymore case, Employees failed to assert a retaliation claim in their EEOC charges despite their knowledge. It follows from those undisputed facts that this Court lacks subject matter jurisdiction over Employees' newly asserted retaliation claims, because those claims do not reasonably relate to their EEOC charges. See id. at 800; see also 42 U.S.C. § 12117(a) (adopting the powers, remedies, and procedures set forth in Title VII as those of the ADA); Brin v. Kansas, 101 F.Supp.2d 1343, 1352 (D.Kan. 2000) (recognizing that ADA plaintiffs, like Title VII plaintiffs, must exhaust their administrative remedies by filing an EEOC charge and by giving the EEOC the opportunity to act on that charge before filing a complaint in federal court).

The Tenth Circuit's decision in the Selenke v. Medical Imaging of Colorado case, upon which Employees heavily rely, does not stand for a different result. 248 F.3d 1249 (10th Cir. 2001), *quoted at length in* Employees' response brief at 3-4. The defendant did not argue in the Selenke case, as Employer does in this case, that the district court lacked subject matter jurisdiction over the plaintiff's retaliation claim because she failed to exhaust her administrative remedies. In fact, in that case no mention is made of the claims asserted or not asserted by the plaintiff in her EEOC charge. Accordingly, the Selenke case has no bearing on the "exhaustion" issue to be decided in this case. Employees' retaliation claims should be dismissed.

**B.     Motion to Sever**

Employer contends that Employees' claims are improperly joined because *inter alia* they do not arise out of the same transaction or occurrence. See Employer's opening brief at 5-6. It is

9

permissible for plaintiffs to join their claims together in a single action when they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a). In order to ascertain if a particular factual situation constitutes a transaction or occurrence for purposes of Rule 20, courts consider whether a "logical relationship" exists amongst and between the claims. See Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.") (internal quotation omitted) (emphasis added).

The Court agrees with Employer that Employees' individual claims, as pled, are not transactionally related. While the claims involve similar legal issues and rest upon the same legal theories, they turn on distinct facts that are unique to each of the Employees. Employees were each discharged at different times for allegedly different reasons and under different circumstances. Accordingly, there is no logical relationship binding together Employees' individual claims. See Grayson v. K-Mart Corp., 849 F.Supp. 785, 788-789 (N.D.Ga. 1994) (holding that the plaintiffs' age discrimination claims against their employer were not transactionally related because the plaintiffs were each fired at different times and under different circumstances); see also Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994).

In drawing its conclusion, the Court recognizes that there are several employment discrimination cases wherein courts have permitted plaintiffs to maintain joinder even though their claims may appear factually distinct. See e.g., Mosley, 497 F.2d at 1333; Mack v. J.C. Penney Co., 108 F.R.D. 30, 32 (S.D.Ga. 1985); Vulcan Soc'y of Westchester County v. Fire Dept. of White

10

Plains, 82 F.R.D. 379, 387 (S.D.N.Y. 1979). Such cases are distinguishable from this case, however, by the fact that the plaintiffs in those cases claimed that their employer discharged them pursuant to a central policy of discrimination. See Mosley, 497 F.2d at 1333-34 ("[W]e conclude that a company-wide policy purportedly designed to discriminate against blacks in employment similarly arises out of the same series of transactions or occurrences."); Mack, 108 F.R.D. at 32 ("*[A]ll* plaintiffs attack the alleged employment of a *uniform* policy of racial discrimination in the hiring, firing and promotion of black individuals in defendant's Waycross store.") (emphasis in original); Vulcan Soc. of Westchester County, 82 F.R.D. at 387 ("Each of the plaintiffs alleges a pattern and practice of discrimination by the defendants . . . ."). In contrast, Employees do not allege in this case that Employer terminated their employment pursuant to a company-wide discrimination policy, so their claims are not logically related. Employees' individual claims should be severed. See Fed.R.Civ.P. 21 (stating that party misjoinder provides a basis for severance).

Employees' individual claims, as noted, should be severed under Rule 21 because party joinder in this case is improper under rule 20(a). Severance will result in the misjoined parties, in this case Ms. Candelaria and Ms. Mendoza, being dropped from the original action, which will proceed in Ms. Sheets's name. See Rule 21 (stating that when a court orders severance, claims against misjoined parties are dropped and pursued in a separate action or actions). Ms. Candelaria and Ms. Mendoza must file individual complaints in their own respective names.

### III.
### CONCLUSION

For the reasons stated, the Court finds that Employer's motion to dismiss Employees' discrimination claims amounts to a motion for clarification, which is well-taken in certain instances

and will be granted accordingly. Employer's motion to dismiss Employees' retaliation claims for failure to exhaust administrative remedies is well-taken and will be granted. And finally, Employer's motion to sever Employees' individual claims due to party misjoinder is well-taken and will be granted.

**ORDER**

**WHEREFORE**,

**IT IS ORDERED** that:

1. Defendant's motion to dismiss Plaintiffs' discrimination claims for failure to state actionable claims will be **DENIED**;

2. Defendant's motion to dismiss Plaintiffs' retaliation claims for failure to exhaust administrative remedies will be **GRANTED**; and

3. Defendant's motion to sever Plaintiffs' individual claims will be **GRANTED** with the following provisions:

    a) Plaintiff Philomena Sheets shall remain the sole plaintiff in the case numbered CIV 02-133 BB/WWD, and she shall file an amended complaint consistent with this opinion within 10 days of the date this order is entered; and

    b) Plaintiffs Pauline Candelaria and Rosalie Mendoza may file individual complaints within 10 days of the date this order is entered, and their complaints shall be consistent with this opinion.

**DATED** at Albuquerque this 25th day of June, 2002.

BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiffs:

    Donald G. Gilpin, Albuquerque, N.M.

For Defendant:

    Virginia Anderman, Albuquerque, N.M.